UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CEASAR FLETE, on behalf of himself
and others similarly situated,

    Plaintiff,                               CASE NO.:

v.

ALL AMERICAN FACILITY MAINTENANCE
INC., A Florida Profit Corporation, and
CHRISTOPHER BREWER, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, CEASAR FLETE ("Plaintiff" or "Mr. Flete"), brings this action on behalf of himself and a class of other similarly situated, against Defendants, ALL AMERICAN FACILITY MAINTENANCE INC., a Florida Profit Corporation ("Defendant" or "AAFM") and CHRISTOPHER BREWER, individually, ("Defendant" or "CB")(collectively, "Defendants") for back unpaid overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"). Plaintiff seeks conditional certification, damages, a declaration of rights, and permanent injunctive relief for himself and all class members.

### PARTIES AND FLSA COVERAGE

1.    Plaintiff was and is a resident of Broward County, Florida.

2.    Plaintiff, and the class of individuals he seeks to represent, were non-exempt customer service/clerical employees of Defendants who earned, but did not receive, overtime wages calculated at time and one-half his/their regular rate of pay for all time he/they spent working over forty (40) hours per week for Defendants.

1

3. Plaintiff consents to participate in this lawsuit by filing this lawsuit on behalf of himself and other similarly situated employees.

4. Defendant, AAFM, is a Florida for-profit company that conducts its for-profit maintenance business in Florida, with its principal places of business in Broward County, Florida.

5. Defendant, CB, was and is the owner and operator of AAFM for the relevant limitations period under the FLSA. To that end, FB ran the day-to-day operations of AAFM and was responsible for determining the schedules, wages paid, and hours worked by Plaintiff and other similarly situated class members, as well as the hiring and firing of employees of AAFM.

6. Defendants, jointly and severally, were Plaintiff (and the putative class') direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

7. All Defendants employed Plaintiff and others similarly situated.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this district, and the actions complained of occurred in this district.

9. Defendants' annual gross revenues derived from their landscaping business venture are believed to be in excess of $500,000.00 for each year of the relevant FLSA statute of limitations.

10. Defendants own and operate a nationwide maintenance company that contracts with, among others, large retailers and businesses requiring repair and maintenance of in store/property repairs at locations on which these retailers/businesses conduct business.

11. To that end, Defendants hold themselves out to the public as follows *via* their website:

> "Headquartered in South Florida, All American Facility Maintenance, Inc., is owned and operated by a 3rd generation contractor and master electrician, and has 23 years-experience in facility maintenance, remodel, and construction industry. Aside from major retailers, some of our Client's [sp] also include Property Managers and Landlord's that know they can depend on us for emergency and/or routine repairs and construction projects. AAFM provides services nationwide (including Puerto Rico, Hawaii, and Alaska) to retail stores, restaurants, grocery stores, banks, clothing stores, restaurants, supply chains, and more. To maintain quality control, the majority of our work is completed by our own technicians. We are available to our Client's 24 hours per day, 7 days a week, weekends, holidays, and in the event of natural disasters."

## PUTATIVE CLASS DEFINITION

12. Plaintiff seeks to conditionally certify the following putative class of employees in this lawsuit:

> Any and all non-exempt customer service/clerical employees of Defendant who were not paid full and proper overtime wages for all hours worked in excess of forty (40) hours per week, due to Defendants' common policies and practices of: (a) manipulating employee pay from salary to hourly in varying weeks when it suited Defendants to avoid the payment of overtime wages; (b) requiring employees to work "off the clock" for "on call time," and during what was supposed to be "meal breaks" without properly accounting or compensating employees for same as overtime hours worked.

## STATEMENT OF FACTS

13. Plaintiff worked for Defendants from April 2018, through January 2019, as a non-exempt customer service/clerical employee.

14. Throughout Plaintiff's employment, he and the putative class members regularly worked in excess of forty (40) hours per week to meet the demands and requirements imposed upon him/them by Defendants to remain employed.

15. While Defendants promised to pay Plaintiff and the putative class on a salary basis, Defendant regularly manipulated their pay switching from salary to hourly intermittently, to avoid the payment of overtime wages due and owing to Plaintiff and the putative class members.

3

16. Additionally, Defendants would require Plaintiff and the putative class members to work "off the clock" for "on call time" without properly paying them/accounting for same, and Defendants likewise required and/or had knowledge that, Plaintiff and the putative class members were working during alleged "meal breaks" without Defendants compensating Plaintiff for same.

17. The foregoing practices described in Paragraphs 14-16 were applied illegally and uniformly to all similarly situated employees of Defendants to each member of the putative class, without regard to the job title Defendants assigned to the putative class members.

18. These practices uniformly resulted in the reduction of wages to all similarly situated and putative class members, and a common violation of the FLSA's overtime practices.

19. Defendants, failed and/or refused to pay Plaintiff and its other similarly situated customer service/clerical employees proper overtime wages calculated at time and one-half of their regular hourly rates for all hours worked over forty (40) hours in a given workweek.

20. Defendants violated Title 29 U.S.C. §207 in that:

(a) Plaintiff and the putative class members worked in excess of forty (40) hours in one or more workweeks for his/their period of employment with Defendants;

(b) No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff and the putative class members at the statutory rate of one and one-half times his/their regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendants failed to maintain proper time records as mandated by the FLSA.

21. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether Plaintiff's and the putative class members' actual job duties and pay structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

22. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to evaluate whether Plaintiff's and the putative class members' actual job duties and pay structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

23. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether Plaintiff's and the putative class members' actual job duties and pay structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

24. Based on the allegations in Paragraphs 21-23, above, Plaintiff and the other putative class members are entitled to liquidated damages as Defendants have no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

25. Plaintiff has retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26. Numerous other individuals have contacted Plaintiff to pursue these claims with him, and will be filing notices of consent to join this action as evidence that others desire to join this action.

**OVERTIME VIOLATION UNDER THE FLSA**

27. Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

28. Defendants willfully and intentionally refused to pay Plaintiff and all other similarly situated putative class members at a rate of one and one-half times their regular rate of pay for each of the overtime hours they worked during the relevant time period.

29. Defendants' actions were reckless and intentional in that Defendants purposefully attempted to avoid the overtime pay requirements of the FLSA.

30. Plaintiff and the members of the putative class are entitled to a back pay award of overtime wages for all overtime hours worked, an equal amount of liquidated damages, and all attorneys' fees and costs incurred on their behalf.

WHEREFORE Plaintiff and the putative class demand the entry of a judgment in his/their favor and against Defendants, jointly and severally, after trial by jury and as follows:

a. That the Court conditionally certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings;

b. That the named Plaintiff and all class members who opt in recover unpaid overtime damages and an equal amount of liquidated damages as provided under the law pursuant to 29 U.S.C. § 216(b);

c. That Plaintiff and the class recover an award of reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff and all class members who opt-in whole by providing appropriate overtime pay wrongly denied in an amount to be shown at trial and other affirmative relief; and

e. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: June 20, 2019

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

CEASAR FLETE, on behalf of himself
and others similarly situated,

      Plaintiff,                 CASE NO.:

v.

ALL AMERICAN FACILITY MAINTENANCE
INC., A Florida Profit Corporation, and
CHRISTOPHER BREWER, individually,

      Defendants.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I, CEASAR FLETE, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this __20th__ day of June, 2019

Signature: _Ceasar Flete_

Print: _Ceasar Flete_